*460 J. JONES, Chief Justice,
specially concurring.
I concur in the Court’s opinion, but write to express continuing concern regarding questionable procedural practices employed by the Idaho Industrial Commission. As I pointed out in Kelly v. Blue Ribbon Linen Supply, Inc., 159 Idaho 324, 360 P.3d 333, 2015 WL 6657377, *5 (Nov. 2, 2015), the Commission has recently tended to wholly discard the findings of fact, conclusions of law and recommendation made by a referee and adopt its own. The Commission did so in this case, choosing not to adopt a single finding of fact made by the Referee. Nor did the Commission include the Referee’s recommended decision in the record on appeal.[4]
The problem with this type of practice is that the Court does not have a complete picture of the case when it arrives for determination on appeal. When a worker’s compensation case comes before this Court, we “will not disturb the Commission’s factual findings if they are supported by substantial and competent evidence.” Knowlton v. Wood River Med. Ctr., 151 Idaho 135, 140, 254 P.3d 36, 41 (2011). This recognizes that the Commission is the trier of fact, hears the live testimony of witnesses, and is in a position to make credibility determinations. “Determining the credibility of witnesses and evidence is a matter within the province of the Commission.” Id. at 144, 254 P.3d at 45. This Court has divided credibility into two categories — observational and substantive. Id. “Observational credibility goes to the demeanor of [a witness] on the witness stand and it requires that the Commission actually be present for the hearing in order to judge it.” Id. Substantive credibility does not require the Commission’s actual presence but may be judged from “numerous inaccuracies and conflicting facts.” Id. Thus, if the Commission is not present to hear live testimony or if it does not adopt credibility determinations made by the referee who conducted the hearing, its conclusions regarding observational credibility are unsupported.
This record discloses at least two rather obvious instances where the Commission, which was not present to hear testimony, made findings based at least in part on observational credibility, casting doubt on their reliability. In her proposed findings, the Referee found that “Claimant’s testimony regarding a May 29, 2012, industrial accident lacks credibility and is unpersuasive.” This finding was based, in part, on testimony presented at the hearing before the Referee. The Commission did not adopt or incorporate this or any other finding made by the Referee into its decision. Yet, the Commission made its own finding, based in part on Chadwick’s testimony, that an alleged accident may well have occurred — “we believe that Dr. Rosenlund’s records, coupled with Claimant’s testimony, do tend to establish that an event did occur, whether on May 26th, May 29th or some other date in late May, we cannot determine.” Since the Commission neither heard Chadwick’s testimony nor adopted the Referee’s credibility determination based on his testimony, it is not entirely clear how the Commission could make a credibility determination based on such testimony. It should be noted that this issue was not critical to the ultimate outcome of the case.
On another peripheral issue, the Referee found that “Claimant most likely intentionally omitted reporting the May 2012 injury to the claims investigator.” Referencing this finding, the Referee later stated, “[a]s discussed, above, Claimant was most likely intentionally withholding information regarding his May 2012 injury.” The Commission neither adopted the Referee’s first finding nor made any comparable finding of its own and, therefore, had no basis for making the second one. Nevertheless, the Commission said, “[a]s discussed, above, Claimant was most likely intentionally withholding information regarding his May 2012 injury.” Oops!
These instances of shoddy fact-finding do not inspire a great deal of confidence in the Commission’s fact-finding abilities. If the Commission persists in snatching cases away *461 from its referees, it should more carefully review the record and, where observational credibility clearly comes into play, either make findings consistent with those made by the referee, who was present to hear the testimony, or indicate why the referee’s determination of observational credibility is incorrect.
A further problem with the Commission’s practice of disregarding a referee’s proposed decision is that the Commission does not indicate why it deems the referee’s decision unworthy to the extent that not even one finding of fact is approved or adopted. A party to a worker’s compensation dispute, just like a litigant in any other type of administrative proceeding, has a right to a reasoned decision and, where the findings of the Commission depart from those of the referee, there should be an explanation. Although the Commission has its own procedural rules and is not bound by the Idaho Administrative Procedure Act (IDAPA), there is no reason why the Commission should not observe accepted practice for IDAPA proceedings where the administrative agency is utilizing the services of a hearing officer. In Pearl v. Idaho State Bd. of Medicine, 137 Idaho 107, 112, 44 P.3d 1162, 1167 (2002) the Court stated:
Where the agency’s findings disagree with those of the hearing panel, this Court will scrutinize the agency’s findings more critically. Woodfield v. Board of Professional Discipline, 127 Idaho 738, 746, 905 P.2d 1047, 1053 (Ct.App.1995). As the Court of Appeals noted in Woodfield, there is authority for courts to impose on the agency an obligation of reasoned decision making that includes a duty to explain why the agency differed from the administrative law judge. Woodfield, 127 Idaho at 746, 747 n. 3, 905 P.2d at 1053 n. 3.
Thus, a worker’s compensation litigant is entitled to a reasoned decision, which includes an explanation for the Commission’s departure from findings made by a referee. Here, the Commission offered no reasons for its decision to jettison the Referee’s proposed findings.
Even though they arrived there by slightly different routes, both the Commission and the Referee reached the same conclusion— that Chadwick’s complaint should be dismissed with prejudice. The two errant findings made by the Commission in this case were not critical to the outcome. The Court’s opinion does not rely upon the faulty fact-finding and, therefore, I concur in the decision.

. When asked at oral argument before the Court whether they would agree to augment the Referee's decision into the record, counsel for both parties agreed and the decision was subsequently provided for the Court's record.